**U.S. Department of Justice**

**Tax Division**

*Please reply to: Appellate Section*
Facsimile No. (202) 514-8456                            P.O. Box 502
Telephone No.(202) 514-3361                       Washington, D.C. 20044

JAHagley
5-13-23293
CMN 2021100206                                          December 11, 2024

**Via CM/ECF**

Christopher M. Wolpert, Esquire
Clerk, U.S. Court of Appeals
 for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

> *Liberty Global, Inc. v. United States* **(10th Cir. — No. 23-1410): Response to Liberty Global's Fed. R. App. P. 28(j) letter regarding** *Exxon Mobil Corp. v. United States***, No. 3:22-cv-0515-N (N.D. Tex. Nov. 18, 2024)**

Dear Mr. Wolpert:

LGI's reliance on *Exxon* is misplaced. There, the court concluded that the judicial economic-substance doctrine did not apply to a "bona fide commercial transaction with genuine economic substance" involving "meaningful changes" (Op.31) and "arm's-length" negotiations (Op.35). Here, the undisputed evidence demonstrates the opposite: Steps 1-3 of Project Soy were economically meaningless related-party transactions. (U.S.-Br. 27.) LGI asserts that the economic-substance doctrine applies only if a transaction "lacks economic reality." (LGI-Letter 2 (quoting Op.31).) But §7701(*o*)(1)'s two-pronged test defines what is meant by "economic reality," and Steps 1-3 fail that test. (1-App.179-180; 2-App.503-505.) In particular, LGI conceded that Steps 1-3 "did not change, in a meaningful way, LGI's economic position." (Add.16 (quoting 1-App.179-180).) That concession belies any notion that those steps provided LGI "real gain" (LGI-Letter 1-2).

*Exxon* determined the doctrine was inapplicable only on consideration of "voluminous records" and "multiple witnesses." (Op.35.) Any suggestion that the economic-substance doctrine was categorically inapplicable to Code-

16587914.1

-2-

compliant transactions or capitalization decisions would conflict with this Court's precedent (and that of the Fifth Circuit) (U.S.-Br. 31-32, 49-50, 53-55) and the "legislative history" that LGI and *Exxon* reference (LGI-Letter 1). *See* H.R. Rep. 111-443, at 292 (2010) (doctrine applies "notwithstanding that the purported activity actually occurred" and "may satisfy the literal requirements of a specific tax provision"); *id.* at 296 & n.126 (various taxpayer "choice[s]," *e.g.*, "capitaliz[ation]" decisions, will continue to be evaluated "based on all the facts and circumstances").  Even if *Exxon* concerned a genuine "capitalization" decision (LGI-Letter 2), this case does not.  (U.S.-Br. 55 n.20.)

      LGI also cites *Varian*, but that case is distinguishable, as explained in our November 7, 2024 letter.  The taxpayer in *Varian* did not manufacture a transaction that lacked economic substance to increase its CFC's earnings whereas LGI, with Steps 1-3 of Project Soy, concededly did.  Prior to Project Soy, TGH had only $400 million in "regular" earnings from economic activities.  (1-Supp.App.181-185; 2-Supp.App.466; U.S.-Br. 14.)  Project Soy generated billions in earnings from mechanical application of tax rules to transactions lacking economic reality — not from real-world economic activities.  Those noneconomic earnings were properly disregarded here. (U.S.-Br. 41-42, 64.)

      Sincerely yours,

      /s/ Judith A. Hagley

      Judith A. Hagley
      Attorney
      Appellate Section

-3-

## CERTIFICATE OF COMPLIANCE

I hereby certify that (i) this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, the body of the letter contains 347 words, and (ii) this letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 13-point Century Schoolbook font.

/s/ Judith A. Hagley
JUDITH A. HAGLEY
*Attorney for the Appellee United States*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, I electronically filed the foregoing letter with the Clerk of Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Judith A. Hagley
JUDITH A. HAGLEY
*Attorney for the Appellee United States*

16587914.1